UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TOMMY RADFORD                                                                                    PLAINTIFF
ADC #089900

V.                                      No. 4:21-CV-218-DPM-JTR

LeMARCUS DAVIS, Former Captain,
Maximum Security Unit; JOSHUA
CAUDELL, Lieutenant, Maximum
Security Unit; TERRI L. MURRAY,
Corporal, Maximum Security Unit;
QUINTIN WOODS, Former Officer,
Maximum Security Unit; JOHNNIE
BARTON, Former Officer, Maximum
Security Unit; and BREWER, Sergeant,
Maximum Security Unit                                                                          DEFENDANTS

## ORDER

There are two pending issues in this § 1983 action: (1) Plaintiff Tommy Radford's request for appointed counsel; and (2) Radford's "Motion for Leave to Amend Amicus Brief." *Docs. 78–80.*

### I.     Radford's Ninth and Tenth Motions for Counsel

Radford has filed his *ninth* and *tenth* Motions to Appoint Counsel. *Doc. 78; Doc. 80.*

In determining whether to appoint counsel in a civil case, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the indigent plaintiff's ability to investigate the facts; (3) the existence of

conflicting testimony; and (4) the plaintiff's ability to present his claims. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citations omitted).

In considering Radford's previous eight Motions to Appoint Counsel, the Court has repeatedly and carefully weighed the relevant factors and determined that Radford is not entitled to appointed counsel in this civil action. *Docs. 63, 68, 70, 75*. In fact, there are only *two* factors that weigh in Radford's favor as to his claims against *one* Defendant: his ability to present and investigate his claims against the deceased Defendant, Lieutenant Caudell.

Radford has been unable to locate the proper party to be substituted for Lieutenant Caudell. In support of his Motions, Radford provides a letter he received from a local criminal attorney which states, "I do not know who is the representative of Caudell's estate. I do not know how to find out this information." *Doc. 78 at 3*.

Here, it does not appear that Radford would benefit from counsel because a local attorney has already indicated that the information needed to pursue claims against Caudell is not readily available. Additionally, any claim against Caudell

2

would be futile (and thus, frivolous) because it is readily apparent from Radford's grievance history that he did not exhaust his administrative remedies against Caudell. *See Docs. 45-1 through 45-11*. Accordingly, neither the Court nor Radford would benefit from the appointment of counsel in this case, and Radford's Motions to Appoint Counsel are denied.

## II.   Radford's Motion for Leave to Amend Amicus Brief

Radford has also filed a "Motion for Leave to Amend Amicus Brief." *Doc. 79*. Amicus briefs are to be filed by individuals or organizations that are *not* parties to the underlying litigation. *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) ("An amicus curiae is not a party to litigation."). As the Plaintiff in this § 1983 action, Radford does not have a right to file an amicus brief on his own behalf. Accordingly, his Motion for Leave to Amend Amicus Brief (*Doc. 79*) is denied.

## III.   Conclusion

For the foregoing reasons, IT IS ORDERED THAT:

1.   Radford's ninth and tenth Motions for Counsel (*Doc. 78; Doc. 80*) are DENIED.

2.   Radford's Motion for Leave to Amend Amicus Brief (*Doc. 79*) is DENIED.

SO ORDERED this 24th day of October, 2023.

                                                                                                        _____
                                                                                             UNITED STATES MAGISTRATE JUDGE