UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TOMMY RADFORD                                                          PLAINTIFF
ADC #089900

v.                         No. 4:21-cv-218-DPM

LEMARCUS DAVIS, Former Captain,
Maximum Security Unit; JOSHUA
CAUDELL, Lieutenant, Maximum
Security Unit; TERRI L. MURRAY,
Corporal, Maximum Security Unit;
QUINTIN WOODS, Former Officer,
Maximum Security Unit; JOHNNIE
BARTON, Former Officer, Maximum
Security Unit; and BREWER, Sergeant,
Maximum Security Unit                                                  DEFENDANTS

ORDER

1. The Court withdraws the reference.

2. Tommy Radford has sued various ADC defendants under 42 U.S.C. § 1983, alleging violations of his constitutional rights in the Tucker Maximum Security Unit of the Arkansas Division of Correction. There was an initial round of dispositive motions. *Doc. 77 & 81.* Six ADC defendants remain. Two were never served; one of these individuals has also passed away, and no estate has been substituted. Radford brings retaliation claims against the other four. He alleges retaliation on three occasions in 2020 — two in July and one in August—

based on grievances he filed against the officers and his allegations that Captain LeMarcus Davis and Sergeant Brewer were both in a romantic relationship with Corporal Terri Murray. The four officers seek summary judgment, arguing that they are entitled to qualified immunity. Radford did not respond to the motion. And the material facts are deemed admitted because Radford didn't respond to the officers' Local Rule 56.1 statement, either. LOCAL RULE 56.1(c).

**3. 11 July 2020 Incident.** For his first retaliation claim, Radford says that Corporal Murray and Officer Quintin Woods moved him to Shower #2 instead of letting him use Shower #1 directly across from the control booth. Radford speculates that Corporal Murray placed him in Shower #2 to "make [him] upset" and in retaliation for unspecified grievances he previously filed against her. *Doc. 104-1 at 20.* Corporal Murray says in her affidavit that she told the other officers to put Radford in Shower #2 instead because he has been charged with numerous indecent exposure violations. *Doc. 104-2 at 2.* Regardless of Corporal Murray's motivation, Radford admits that both showers were fully functional and that there is no difference between them. *Doc. 104-1 at 19.* Moving Radford to another functioning shower is a "trivial" matter that would not dissuade a prisoner of ordinary firmness from filing grievances. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020). Radford's retaliation claim against Corporal Murray and Officer Woods therefore fails. They are entitled to qualified immunity.

**16 July 2020 Incident.** For his second retaliation claim, Radford says that Captain Davis called him a "homosexual punk" and threatened to put him in isolation and to "beat his ass." *Doc. 2 at 16 & 29; Doc. 104-1 at 22-24.* Radford says Captain Davis's threats were made in retaliation for various, sometimes contradictory, reasons.

First, Radford initially testified on deposition that Captain Davis told him that he made these threats in retaliation for Radford "harassing and writing these bogus grievances on my old lady." *Doc. 104-1 at 23.* The shower incident and grievance involving Corporal Murray had occurred about a week before. Radford was then asked specifically whether Captain Davis said his threat was prompted by grievances against Corporal Murray. Radford said "No, he told me the reason why he was doing that in a way because you're messing with my old lady, you're messing with my companion, you know what I'm saying." *Doc. 104-1 at 25.* Both Captain Davis and Corporal Murray say in their affidavits that they have never had a romantic relationship. *Doc. 104-2 at 2; Doc. 104-3 at 2.* This fact is among those deemed admitted by Radford. *Doc. 106 at 2;* LOCAL RULE 56.1(c). Radford's speculation about Captain Davis's and Corporal Murray's relationship status is not enough to raise a genuine dispute about that issue. And he specifically abandoned any linkage between his grievances against Corporal Murray — the protected activity — and Captain Davis's threats.

-3-

Second, Radford's grievance says that Captain Davis's threats were in retaliation for past grievances Radford had filed against him. *Doc. 45-5 at 1.* But there aren't any pre-July 16th grievances against Captain Davis in the record. The only grievance Radford exhausted against Captain Davis is MX-20-01389, which is about the 16 July 2020 event. *Doc. 45-5.* And Radford makes no attempt, in sworn testimony or otherwise, to establish a causal connection between Captain Davis's July 16th actions and any past grievance against him.

Third, Radford testified on deposition that Captain Davis's threats were also made in retaliation for past grievances Radford had filed against Corporal Murray. *Doc. 104-1 at 22-24 & 43-44.* But in his grievance MX-20-01389, Radford says that Captain Davis threatened and harassed him for filing a grievance against *Captain Davis* in the past, not against Corporal Murray. *Doc. 45-5.* Radford admitted that his "memory ain't that good," and the information in his grievance is more accurate than the information in his unverified complaint and deposition testimony. *Doc. 104-1 at 24–26.* Again, when asked directly on deposition if Captain Davis told him that he was retaliating against him for writing grievances against Corporal Murray, Radford said, "No, he told me the reason why he was doing that in a way because you're messing with my old lady. . .." *Doc. 104-1 at 25.* Put aside the admitted fact that Davis and Murray were not in a relationship. Assume that they were. Radford's testimony indicates that Captain

Davis threatened and harassed him for the indecent exposure incidents in Corporal Murray's presence, not for filing a grievance against her. Though the record is a bit jumbled, Radford has not offered sufficient evidence to support a verdict that his filing of any grievance against Corporal Murray was the "but-for" cause of Captain Davis's threats. *De Rossitte v. Correct Care Solutions, LLC*, 22 F.4th 796, 804 (8th Cir. 2022). He hasn't shown that Captain Davis wouldn't have threatened him if he hadn't filed grievances against Corporal Murray. *Ibid.*

For all these reasons, Radford's retaliation claim against Captain Davis fails. Captain Davis is entitled to qualified immunity.

**12 August 2020 Incident.** Radford alleges that Sergeant Brewer threatened him in August 2020 in retaliation for past grievances Radford had filed against Corporal Murray. *Doc. 104-1 at 43-44*. One is in the record—the 11 July 2020 Shower #2 grievance. *Doc. 45-3*. Radford believed that Sergeant Brewer and Corporal Murray also had a romantic relationship. *Doc. 104-1 at 43-44*. On deposition, Radford first testified that he did not remember the details of Sergeant Brewer's alleged retaliation. *Doc. 104-1 at 43*. But, when counsel read his allegations from the grievance, Radford said that they were true. *Doc. 104-1 at 45-46*. In his exhausted but unsworn grievance No. MX-20-01552, Radford wrote that "Brewer threaten me again alleging that I written his old lady up on grievance forms in the past (Cpl. T. Murray) and he will teach me a lesson and make my life

-5-

miserable, then Cpl. Brewer threaten to squeeze my penis and testicles tomorrow 8-13-20 since I will be in restraints and cannot stop him because Cpl. Brewer stated that he's been wanting to touch me." *Doc. 45-9 at 1*. This last statement was, Radford said, a homosexual overture. *Doc. 45-9 at 1-2*.

All of this doesn't add up to a claim for the jury. First, Sergeant Brewer said he would "teach [Radford] a lesson" and "make [his] life miserable." *Doc. 45-9 at 1*. There is no controlling precedent or robust consensus of persuasive authority establishing that those statements are actionable. *See, e.g., Evanstad v. Herberg*, 994 F. Supp. 2d 995, 1001 (D. Minn. 2014). They are too vague and generic to chill an inmate of ordinary firmness from continuing to file grievances. *Ibid*.

Second, the threats of sexual assault. They are troubling. And those words alone are probably enough to chill an inmate of ordinary firmness from filing more grievances. *De Rossitte*, 22 F.4th at 804. But Radford's affirmed grievance and his deposition testimony indicate that these words were a homosexual overture. *Doc. 104-1 at 45-46*. They were not sufficiently rooted in any prior grievance filing. While causation is usually a jury question, Radford hasn't offered sufficient evidence to support a verdict that his filing of any grievance against Corporal Murray was the "but-for" cause of Sergeant Brewer's homosexual overture. *De Rossitte*, 22 F.4th at 804. Radford's grievance said that Sergeant Brewer "stated that he's been wanting to touch me."

*Doc. 45-9 at 1*. This indicates that Sergeant Brewer allegedly would have still threatened him with sexual assault even if Radford hadn't filed any previous grievances against Corporal Murray. And Radford was clear that Sergeant Brewer did not "squeeze [his] penis and testicles" the following day. *Doc. 104-1 at 45-46*. This record is too thin on causation to support a solid retaliation claim based on these words.

For all these reasons, Sergeant Brewer is also entitled to qualified immunity.

**4.** The ADC defendants argue they are entitled to sovereign immunity, in their official capacities, because Radford seeks monetary damages against them. The Court agrees. Claims for monetary damages against state employees acting in their official capacity are barred by sovereign immunity. *Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989). Because Radford seeks only monetary damages against the ADC defendants, his official-capacity claims will be dismissed without prejudice.

**5.** Radford has not shown timely service on Officer Johnnie Barton or sought any other relief; and the time to do so has passed. *Doc. 38*. His claims against her will be dismissed without prejudice. Fed. R. Civ. P. 4(m).

**6.** Radford received a notice that Lieutenant Joshua Caudell died in 2022. *Doc. 24*. Radford then moved to substitute an improper party. *Doc. 39*. That motion was denied. *Doc. 63*. He then moved to

substitute "the appropriate representative" of Lieutenant Caudell's estate. *Doc. 66*. That motion was also denied because Radford didn't identify the personal representative of Caudell's estate or provide an address for service. *Doc. 68*. Radford did not attempt any further cure. Under Federal Rule of Civil Procedure 25, the Court shall dismiss a deceased party if a motion to substitute a proper party "is not made within 90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). That period has long passed. Therefore, Radford's claims against Lieutenant Caudell will be dismissed without prejudice for lack of proper substitution.

\* \* \*

Motion for summary judgment, *Doc. 104*, granted. Motions, *Doc. 108, 109, 110 & 111*, denied as moot. The embedded request for appointment of counsel, *Doc. 115*, is also denied as moot. After the summary judgment briefing closed, Radford filed various declarations and notices. But they relate to claims that have previously been dismissed or to Radford's other lawsuits. They do not have any bearing on the summary judgment motion. Judgment will issue.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 March 2024

-8-